# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO: 3:19-CV-00340-JHM**

**MANAGEMENT REGISTRY, INC.**  PLAINTIFF

**V.**

**CLOUD CONSULTING PARTNERS, INC.**
**d/b/a CLOUD CPI**  DEFENDANT

## Memorandum Opinion and Order

This matter is before the Court on Defendant's Motion to Dismiss and, in the Alternative, Motion for Transfer of Venue [DN 6] and Plaintiff's Motion to Remand [DN 7]. Fully briefed, these matters are ripe for decision. For the following reasons, Defendant's Motion to Transfer Venue is **GRANTED** and Plaintiff's Motion to Remand is **DENIED**.

### I. Background

Plaintiff Management Registry Inc. ("MRI") is a business, incorporated in Kentucky with its principal place of business in Louisville, Kentucky, that provides employees for employers in various industries. [DN 1-2 ¶¶ 1–2]. Defendant Cloud Consulting Partners, Inc. ("CCP") is a business, incorporated in California with its principal place of business in Rancho Mirage, California, that provides human resources management services. [*Id.* ¶¶ 3–4]. In March 2017, MRI contacted CCP about services that CCP could potentially provide to MRI to increase MRI's efficiency. [*Id.* ¶ 5]. At the end of April 2017, MRI and CCP executed a Master Consulting Services Agreement and Statement of Work (the "Agreement") which was authored by CCP. [*Id.* ¶¶ 6–7].

In pertinent part, the Agreement required that "any dispute or claim arising under this Agreement between the Parties shall first be referred to mediation administered by the American

Arbitration Association at its Los Angeles, California hearing location before resorting to arbitration." [*Id.* ¶ 8; DN 1-2 at 26]. Further, the Agreement stated that it would "in all respects, be interpreted, construed, enforced and governed by and under the laws of the State of California." [DN 1-2 at 28].

Under the Agreement, CCP was to provide MRI with remote services. MRI alleges that CCP failed to deliver a laundry list of services that were assured under the Agreement. [*Id.* ¶ 24]. Further, MRI claims that CCP issued fraudulent invoices requesting payment for services never rendered. [*Id.* ¶¶ 18, 20, 25]. MRI, under the mistaken belief that the contracted services had been performed, paid CCP—$80,000 between two invoices. [*Id.* ¶¶ 20, 25]. On March 8, 2018, MRI contacted CCP directly and notified CCP that substantial services were not performed. [*Id.* ¶ 22].

On March 26, 2019, MRI filed a civil against CCP in the Jefferson Circuit Court, Jefferson County, Kentucky. MRI asserts five causes of action against CCP: Conversion (Count I), Breach of the Duty of Loyalty (Count II), Fraud, Deceit, and Misrepresentation (Count III), Unjust Enrichment (Count IV), and Common Law Fraud (Count V). [*Id.* ¶¶ 30–57]. MRI seeks at least $80,000 in compensatory damages in addition to other categories of damages. [*Id.* at 13]. On May 6, 2019, CCP filed a Notice of Removal in the Western District of Kentucky—CCP removed the action based on diversity jurisdiction. [DN 1]. Three days later, CCP filed its Motion to Dismiss and, in the Alternative, Motion for Transfer of Venue. [DN 6]. Thereafter, MRI filed both an opposition to CCP's Motion as well as a Motion to Remand. [DN 16; DN 7].

## II. MOTION TO REMAND

MRI filed a Motion to Remand claiming that CCP's removal was improper. [DN 7]. The Court addresses this Motion first as it concerns the Court's ability to consider subsequent issues.

As a preliminary matter, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. *See Jerome–Duncan, Inc. v. Auto–By–Tel L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); 28 U.S.C. § 1332(a). "The party invoking federal court jurisdiction—in this case, [Defendant], as removing party—has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (*citing Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

MRI does not take issue with the Court's ability to exercise jurisdiction but instead asserts that CCP failed to timely file the notice for removal. [DN 7; DN 7-1]. As such, MRI argues that remand is appropriate. [*Id.*]. Under 28 U.S.C. § 1446(b)(1), a defendant shall file a notice of removal within thirty days after receiving the initial pleadings. "In applying 28 U.S.C. § 1446(b) to this case, state law governs the service of process." *Everett v. Am. Life Ins. Co.*, No. 1:16-CV-00083, 2016 WL 4746214, at *1 (W.D. Ky. Sept. 12, 2016) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 353 (1999)). The crux of the parties' disagreement hinges on what date service of process was properly executed according to Kentucky law.

MRI maintains that on March 19, 2019, CCP's California attorney, Mr. Roman Whittaker, waived formal service upon the corporation by advising that he would serve as the agent for service of process. [DN 7-1 at 6]. Thereafter, on March 26, 2019, MRI filed the Complaint and emailed a copy thereof with the Summons to Mr. Whittaker. [DN 7-3 at 1]. That being the case, MRI argues that CCP's Notice of Removal, filed May 6, 2019, was outside of the thirty-day timeframe

3

during which a case may be properly removed. [DN 7-1 at 7]. MRI spends much of its Motion arguing that Kentucky law controls effective service of process and that a party may waive service of process by agreement. CCP does not dispute either point. [DN 10 at 5]. However, CCP states that at no point did Mr. Whittaker agree to waive service of process and that MRI has no evidence to the contrary. [DN 10 at 5]. Instead, CCP argues that service of process was not effectuated until either April 16 or April 17, 2019.[1] [*Id.* at 4]. More pointedly then, the issue is whether CCP agreed to waive service of process in this case.

MRI failed to provide any evidence of CCP's waiver of service of process. MRI relies on a single statement from CCP's California counsel Mr. Whittaker that states: "I may be served as the agent for service of process for [CCP]." [DN 7-2 at 1]. This statement, as is obvious from the text, is nothing more than Mr. Whittaker informing MRI on whom it may serve process. In addition, MRI conveniently leaves out several additional facts which controvert its position. First, MRI takes the position that "[CCP] failed to raise any objection, whatsoever, to receipt of service, nor to the indication contained within the Complaint that [CCP] had, indeed, waived formal service." [DN 7-1 at 6]. However, the facts prove otherwise. On April 5, MRI stated in an email that Mr. Whittaker had, by his prior statement, agreed to waive service. [DN 10-5 at 2]. Mr. Whittaker thereafter explained what his earlier statement clearly indicated—he served as CCP's registered agent for service of process and would accept service on its behalf. [*Id.*]. In no uncertain terms, Mr. Whittaker stated: "I never agreed to accept nor consider your email as proper service." [*Id.*]. In response to this clear indication of CCP's position, MRI thereafter had an additional summons issued that was properly served through Kentucky's long-arm statute on April 16, 2019.

---

[1] CCP notes that "[t]he Jefferson County electronic docket shows a service date of April 16, 2019, while the Kentucky Secretary of State's website shows a service date of April 17, 2019[.]" [DN 10 at 4 n.3]. In either case, CCP states that its Notice of Removal filed on May 6, 2019 falls within the permissible timeframe.

Because there is absolutely no evidence of CCP's agreement to waive service, service was not properly executed on March 26, 2019. Accordingly, CCP's Notice of Removal, filed on May 6, 2019, was timely. MRI's Motion to Remand is **DENIED**.

### III. MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO TRANSFER VENUE

CCP moves the Court to dismiss MRI's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). [DN 6; DN 6-1]. CCP spends nearly eight pages of its memorandum focused on the argument that the parties' agreement requires arbitration of MRI's claims against it and thus warrants dismissal. [DN 6-1 at 8–15]. The Court, for reasons that will become clear, first addresses CCP's personal jurisdiction challenge and request to transfer venue to the Southern District of California.

#### A. Personal Jurisdiction

In its Motion to Dismiss, CCP argues that it lacks the necessary contacts with Kentucky to meet the requirements of the Kentucky long-arm statute or to comport with the Due Process Clause. [DN 6-1 at 17–19]. MRI contests both points and maintains that the Court's exercise of jurisdiction over CCP is proper and dismissal on this basis is unwarranted. [DN 16 at 8–12].

The party asserting personal jurisdiction has the burden of showing that such jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Personal jurisdiction is "[a]n essential element of the jurisdiction of a district . . . court" and without personal jurisdiction the court is "powerless to proceed to an adjudication." *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937). A federal court applies a two-step inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006).

5

The district court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the constitutional requirements of due process. *Id.* When a district court rules on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. *See, e.g., Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).

The Kentucky Supreme Court has held that the state's long-arm statute, KRS § 454.210, does not reach the outer limits of the Due Process Clause. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). Consequently, the Court must first determine if personal jurisdiction is proper under Kentucky's long-arm statute and then, if so, turn to the federal due process analysis.

To begin, CCP overstates the importance of MRI's mistaken citation to KRS § 452.450. [DN 6-1 at 17]. While correct—MRI did cite to an inapplicable venue provision—the Complaint's pleadings indicate an intent to invoke Kentucky's long-arm statute, KRS § 454.210. *See* DN 1 ¶ 28 ("Defendant has availed itself [of] jurisdiction . . . by engaging in solicitation and contract relationships with MRI, and issuing fraudulent invoices and receiving unjust enrichment by and through MRI's headquarters, and utilizing MRI's banking relationships in . . . Kentucky."); *see also Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) ("[T]he pleadings . . . submitted must be viewed in a light most favorable to the plaintiff[.]").

Kentucky's long-arm statute lists nine enumerated categories of conduct that provide bases for personal jurisdiction. KRS § 454.210(2)(a). The statute also contains a separate requirement that a plaintiff's claim "arise from" the enumerated conduct. *Id.* § 454.210(2)(b); *Beach*, 336 S.W.3d at 58–59. MRI relies on the statute's third and fourth enumerated categories. *See* DN 16

("Defendant Cloud has caused tortious injury to a resident of the Commonwealth by an act that took place both inside and outside of the Commonwealth."). The statute provides, in relevant part:

> (2)(a) A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a claim arising from the person's: . . .
> 3. Causing tortious injury by an act or omission in this Commonwealth; [or]
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth[.]

KRS § 454.210(2)(a)(3), (4). Because "long-arm jurisdiction analysis is especially dependent upon the underlying facts of the individual case," a scrutinous look at the parties' disagreement is necessary. *Hinners v. Robey*, 336 S.W.3d 891, 896 (Ky. 2011).

MRI cites to § (2)(a)(3), alleging that CCP committed "an act . . . in this Commonwealth" because it misrepresented itself as having completed work, fraudulently invoiced MRI for said work, and thereafter improperly received MRI's monies. [DN 1 ¶¶ 30–57]. MRI did not submit a single affidavit in support of this position.

Since the Kentucky Supreme Court's decision in *Caesars Riverboat Casino, LLC v. Beach*, several cases have rejected the argument that an out-of-state defendant commits an "act or omission in this Commonwealth" by sending a tortious communication into Kentucky. *Stanley Warranty, LLC v. Universal Adm'rs Serv., Inc.*, No. 3:13-CV-513, 2014 WL 4805669, at *5 (W.D. Ky. Sept. 26, 2014). For example, in *Perkins v. Bennett*, the court ruled that an out-of-state defendant did not commit such an act in Kentucky where "the alleged tortious acts of fraud and misrepresentation were committed via telephone and email." No. 3:13-CV-695, 2013 WL 6002761, at *6 (W.D. Ky. Nov. 12, 2013). Additional case law supports this position. *See Stanley Warranty, LLC*, No. 3:13-CV-513, 2014 WL 4805669, at *5 (citing *Babcock v. Anthony's, LLC*,

7

No. 3:12-CV-307, 2013 WL 6036689, at *6 (W.D. Ky. Nov. 14, 2013) (holding that Section (2)(a)(3) did not apply because the defendant "was at all relevant times located in New Jersey and the only alleged tortious actions were over the phone"); *Barker v. Patrick Collins, Inc.*, No. 3:12-CV-372, 2013 WL 3790904, at *6 (W.D. Ky. Jul. 9, 2013) (the plaintiffs' claims of "extortion by telephone" were not "acts" in Kentucky that could trigger Section (2)(a)(3))).

Like these prior decisions, the Court finds that MRI has not made its prima facie case that this category applies. CCP's allegedly tortious communications—misrepresentations as to work completed, fraudulently issued electronic invoices, and improper receipt of money—were electronically conducted between the corporations' bases in California and Kentucky. Accordingly, these were not "act[s] or omission[s] in this Commonwealth" under KRS § 452.210(2)(a)(3).

The Court turns to MRI's second purported basis for personal jurisdiction over CCP—KRS § 454.210(2)(a)(4). That provision only permits personal jurisdiction for an act taken outside of the Commonwealth "if it is part of a larger course of conduct directed at the Commonwealth." *Clark v. Kolbell*, No. 2014-CA-000747, 2016 WL 304625, at *5 (Ky. Ct. App. Jan. 22, 2016). MRI has not alleged, nor provided any evidence to substantiate a claim, that CCP is engaged in a persistent course of conduct within the Commonwealth. If MRI is the only Kentucky corporation with whom CCP contracted, "Kentucky law is clear that a single act would be insufficient for long-arm jurisdiction under KRS § 454.210(2)(a)(4)." *Id.* In *Powers v. Park*, the court held:

> In order for the court to exercise specific jurisdiction on the basis of a single act, that act must take place within the Commonwealth. If the act occurred outside the Commonwealth and then caused consequences within the Commonwealth, more is required if the exercise of jurisdiction is to comport with due process.

192 S.W.3d 439, 443 (Ky. Ct. App. 2006). As per the above discussion, the conduct in question did not take place within the Commonwealth. That being the case, the Court may not exercise personal jurisdiction over CCP on this basis.

The court concludes that it does not have personal jurisdiction over CCP according to Kentucky's long arm-statute. Because there is no jurisdiction under the narrower in scope long-arm statute, it is unnecessary to proceed to a federal due process analysis.[2]

### B. Transfer of Venue

Having concluded that the Court does not have personal jurisdiction over CCP, it is now necessary to determine what should become of this case. If venue is improper, a court has two choices—it can either dismiss the action for improper venue or it can transfer the action to another federal district court that has proper venue.

Where transfer is sought in actions in which the court lacks personal jurisdiction over the defendants, 28 U.S.C. § 1406 is the appropriate venue statute. *See Martin v. Stokes*, 623 F.2d 469 (6th Cir. 1980); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). According to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In other words, when lacking personal jurisdiction, a court may, in the interest of justice,

---

[2] It is worth noting that even had the Court determined it had personal jurisdiction over CCP, the analysis still would have proceeded to address the Motion to Transfer Venue. Instead of analyzing the case under 28 U.S.C. § 1406, the Court would have considered transfer pursuant to 28 U.S.C. § 1404(a). Having evaluated the factors under that provision, the balance weighs in favor of transfer to the Southern District of California.

transfer the action to a judicial district where personal jurisdiction over the defendant is present and venue is proper. *Isaka Invests., Ltd. v. Xino Corp.*, No. 3:05-CV-795, 2006 WL 1980172, at *1 (W.D. Ky. July 10, 2006). Further, 28 U.S.C. § 1631 provides that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." These two statutes give district courts broad discretion in ruling on a motion to transfer. *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998); *Stanifer v. Brannan*, 564 F.3d 455, 456–57 (6th Cir. 2009). Importantly, because "[§] 1406 applies to actions that are brought in an impermissible forum[,] the district court need not have personal jurisdiction over defendants before transferring pursuant to this section." *Jackson v. L & F Martin Landscape*, 421 Fed. App'x 482, 483 (6th Cir. 2009) (citing *Martin v. Stokes*, 623 F.2d 469, 471, 474 (6th Cir. 1980)).

Two issues remain for the Court. First, could MRI's suit originally have been filed in the Southern District of California? Second, is transfer to that district in the interest of justice? The Court addresses each in turn.

### 1. Where the Case Could Have Been Brought

The Court must first determine whether the case could have been brought in the Southern District of California, as CCP contends. The venue statute provides:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). CCP argues that the Southern District of California is the appropriate forum because its principal place of business is located in Rancho Mirage, California. MRI does not dispute that it could have brought the case in that court. Because CCP is the only defendant and resides, for venue purposes, in Rancho Mirage, California, the Court finds that the action could have been brought in the Southern District of California.

### 2. Interest of Justice

The Court must now determine whether transferring the case to the Southern District of California would be in the "interest of justice." *See* 28 U.S.C. §§ 1406(a), 1631. Courts in the Sixth Circuit have determined that a variety of circumstances satisfy the "interest of justice" standard of §§ 1406(a) and 1631.

As is relevant here, courts in the Western District of Kentucky have reasoned that "[t]ransfer is . . . typically in the 'interest of justice' because it saves 'the parties the time and expense associated with refiling.'" *Advanced Sols. Life Scis., LLC v. BioBots, Inc.*, No. 3:16-CV-00709, 2017 WL 2114969, at *8 (W.D. Ky. May 15, 2017) (quoting *Freedman v. Suntrust Banks, Inc.*, 139 F. Supp. 3d 271, 285 (D.D.C. 2015)). MRI and CCP clearly have vastly differing opinions of whether California law requires the claims asserted in the Complaint to be arbitrated pursuant to the Alternative Dispute Resolution clause included in the Agreement. More than that, it is evident that there is a split of authority in California on this exact issue. MRI claims that, because it asserts only causes of action that sound in tort, its Complaint falls outside of the purview of the arbitration clause. [DN 16 at 2–7]. CCP, on the other hand, steadfastly maintains that the styling of MRI's causes of action as tort claims does not render them beyond reach of the arbitration clause. [DN 6-1 at 11, 13–14]. Instead, CCP argues that MRI's claims are rooted in the underlying Agreement and thus must be arbitrated. [*Id.*]. The Court believes that here, rather

than dismissing this lawsuit thereby forcing MRI to refile its claim in another district, transferring the case to that district saves both time and expense.

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391, the Southern District of California is a place where the action could have been brought originally because that is the judicial district where CCP can be found. The undersigned believes that the Southern District of California is the better venue to interpret California law and determine whether the arbitration clause selected by the parties requires arbitration of the underlying action. Accordingly, the Court leaves that issue for resolution by the transferee court.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue [DN 6] is **GRANTED** and Plaintiff's Motion to Remand [DN 7] is **DENIED**. Accordingly, the Clerk is hereby **ORDERED** to transfer this case to the Southern District of California.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

September 18, 2019

cc: counsel of record